IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Fifth Third Bank,                )
                                 )
            Plaintiff,           ) Case No. 1:06-CV-117
                                 )
    vs.                          )
                                 )
United States of America,        )
                                 )
                                 )
            Defendant.           )

O R D E R

This matter is before the Court on the motion to dismiss filed by the United States of America (Doc. No. 10).  For the reasons set forth below, Defendant's motion is not well-taken and is **DENIED**.

Plaintiff Fifth Third Bank filed this lawsuit to recover an alleged wrongful levy by the United States.  According to the complaint, Fifth Third extended credit to PJH Construction, Inc. ("PJH") and obtained a security interest in various items of collateral, including PJH's accounts and accounts receivable.  Fifth Third perfected its security interest by filing the appropriate UCC forms with the Ohio Secretary of State in December 2003.

On May 15, 2005, Fifth Third determined that PJH was in default on the loan.  On July 15, 2005, PJH informed Fifth Third that it was delinquent paying the Internal Revenue Service

unemployment and withholding taxes. PJH further informed Fifth Third that on August 27, 2004, the IRS had issued a notice of levy on an account receivable owed to PJH by Wittrock Woodworking ("Wittrock") to collect the taxes. On September 20, 2004, Wittrock remitted a check to the IRS in the amount of $102,209.24.

Fifth Third immediately filed suit against PJH as a result of its default and obtained a confessed judgment on July 27, 2005. The same day, Fifth Third contacted the IRS and requested the IRS to surrender the funds seized pursuant to the Wittrock levy on the grounds of its prior perfected security interest. Fifth Third followed up its initial contact to the IRS with letters formally requesting return of the levied funds. Eventually, however, the IRS denied Fifth Third's claim on the grounds that it was filed more than nine months after the notice of levy issued. On information and belief, Fifth Third further states that the IRS has wrongfully levied on accounts held by PJH at Union Savings Bank on January 20, 2005 and May 3, 2005.

On March 8, 2006, Fifth Third filed a complaint pursuant to 26 U.S.C. § 7426 to recover wrongfully levied funds. The complaint also alleges that 28 U.S.C. § 6330(a)(1) violates the Fifth Amendment Due Process Clause because it does not require the Secretary of the Treasury to give notice of intent to levy to persons with security interests in the property to be

levied.  Fifth Third seeks return of the $102,209.24 turned over to the IRS by Wittrock as well as an amount to be determined from PJH's accounts at Union Savings Bank.

The United States now moves to dismiss Fifth Third's complaint.  The United States argues that the Court does not have subject matter jurisdiction over the claim concerning the Wittrock levy because Fifth Third filed a claim for a return of wrongfully levied funds more than nine months after the levy issued.  The United States further argues that Fifth Third's claim concerning the alleged wrongful levy of the Union Savings Bank fails to state a claim because its records indicate that no such levy ever occurred.

In opposition, Fifth Third argues that the nine month statute of limitations to file a wrongful levy claim should be equitably tolled because it was unaware that a levy had taken place until after the statute of limitations had expired.  Fifth Third also argues that whether the United States levied the Union Savings Bank accounts is a question of fact to be determined, but in any event does not pose a jurisdictional bar to this lawsuit. Fifth Third indicates that it intends to voluntarily dismiss this claim if it determines that no levy of these accounts occurred.

In pertinent part, 26 U.S.C. § 6532 provides:

Suits by persons other than taxpayers.--

(1) General rule.--Except as provided by paragraph (2), no suit or proceeding under section 7426 shall be begun

>after the expiration of 9 months from the date of the
>levy or agreement giving rise to such action.

26 U.S.C. § 6532(c)(1).  In this case, on the facts alleged, it is undisputed that as to its main claim, Fifth Third filed a claim for return of funds more than nine months after the notice of levy.  The issue raised by the pleadings is whether equitable tolling is available to Fifth Third such that its wrongful levy claim may be deemed timely filed.

The Sixth Circuit has explained the jurisdictional nature of § 6532:

>As with most periods of limitation involving suits
>against the sovereign, the prerequisites to suit
>described in section 6532's "general rule" are
>jurisdictional. Johnson v. United States, 81-1 U.S.T.C.
>¶ 9298 (6th Cir. 1981) (per curiam) (affirming lower
>court's ruling that it lacked jurisdiction on account
>of the taxpayer's failure to file suit within two
>years); Daniel v. United States, 454 F.2d 1166, 1167
>(6th Cir. 1972) (per curiam) (same). See also Dalton v.
>United States, 800 F.2d 1316, 1319 (4th Cir. 1986)
>(section 6532(a) is a statute of limitations which may
>divest a court of its subject matter jurisdiction
>unless time is extended); Dieckmann v. United States,
>550 F.2d 622, 623-24 (10th Cir. 1977) (statute of
>limitations on wrongful levy suits under section
>6532(c) is jurisdictional).  Accordingly, when
>jurisdictional facts are challenged, the party claiming
>jurisdiction bears the burden of demonstrating that the
>court has jurisdiction over the subject matter. See,
>e.g., Rogers v. Stratton Indus., Inc., 798 F.2d 913,
>915 (6th Cir. 1986) (per curiam).  The burden is on the
>plaintiff since the statute outlines the terms under
>which the United States has waived sovereign immunity
>and thereby consented to suit. See generally Dalm, 110
>S. Ct. at 1368-69.

Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 324 (6th Cir. 1990)(internal footnotes omitted).  Thus, if Fifth Third's

claim is not deemed to be timely, the Court does not have subject matter jurisdiction over the Wittrock wrongful levy claim.

The principal case on point is United States v. Brockamp, 519 U.S. 347 (1997).  In Brockamp, the question raised was "[c]an courts toll, for nonstatutory equitable reasons, the statutory time (and related amount) limitations for filing tax refund claims set forth in § 6511 of the Internal Revenue Code of 1986?"  Id. at 348.[1]  Respondents in the case were taxpayers with disabilities that caused them to miss the deadline for filing tax refund claims by several years.  They argued, however, that their disabilities provided equitable grounds for tolling the limitations period in § 6511.  Id. at 348-49. Nevertheless, the Court concluded that equitable tolling is not available under § 6511.  Id. at 354.  The Court concluded that, in contrast to Title VII of the Civil Rights Act of 1964, which it had

---

[1]  In relevant part, § 6511 provides:

> Period of limitation on filing claim.--Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

26 U.S.C. § 6511(a).

5

previously ruled allows equitable tolling,[2] Congress did not intend equitable tolling to apply to § 6511. The difference, the Court said, was that whereas the limitations period in Title VII uses "fairly simple language" which can plausibly be read as containing an implied equitable tolling exception, § 6511 "sets forth its limitations in a highly detailed technical manner, that, linguistically speaking, cannot be easily read as containing implied exceptions." Id. at 350. The Court concluded that "Section 6511's detail, its technical language, the iteration of limitations in both procedural and substantive forms, and the explicit listing of exceptions, taken together, indicate to us that Congress did not intend courts to read other unmentioned, open-ended, 'equitable' exceptions into the statute it wrote." Id. at 352.

      The courts that have addressed this issue have since relied on Brockamp in holding that § 6532 does not have an equitable tolling exception because, like § 6511, it sets forth its limitations in a highly detailed and technical form. See Becton Dickinson & Co. v. Wolckenhauer, 215 F.3d 340, 353-54 (3rd Cir. 2000); RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461-62 (Fed. Cir. 1998); Garrett v. U.S. Internal Rev. Serv., 8

---

    [2] Irwin v. Dept. of Veterans Affairs, 498 U.S. 89 (1990).

Fed Appx. 679, 680 (9th Cir. 2001);[3] Brewer v. United States, 390 F. Supp.2d 1378, 1381 (S.D.Ga. 2005); see also Danoff v. United States, 324 F. Supp.2d 1086, 1099-1100 (C.D.Cal. 2004)(collecting cases).

Our own circuit court of appeals, however, has not addressed whether Brockamp forecloses an equitable tolling exception under § 6532.  In Carter v. United States, 110 Fed. Appx. 591 (6th Cir. 2004), the Court noted that it was not "yet established whether equitable estoppel or equitable tolling is available under I.R.C. § 6532(c)."  Id. at 596 n.1.  The Court declined to consider the question, however, because the plaintiff did not raise the issue in her appeal.  Id.  Despite the Carter Court's determination not to address the question of equitable estoppel under § 6532, there were some interesting dicta in the decision.

In the case, the IRS affirmatively misled the plaintiff regarding the statute of limitations for filing wrongful levy claims.  Id. at 596.  Rather than address the equitable tolling question, the Court proceeded directly to the question whether the government's misrepresentation violated the plaintiff's due process rights.  The Court stated that:

---

[3] A pre-Brockman decision of the Ninth Circuit concluded that equitable tolling is available under § 6532.  See Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1208-09 (9th Cir. 1995).

7

> Our due process inquiry turns on whether Carter has been deprived by the Government of a meaningful opportunity to litigate her claims after being misled by the government. In fact, it may be precisely because equitable estoppel and equitable tolling are not available against the Government that the due process clause places a limitation on the Government's conduct.

Id. at 597.  The Court considered the extent of Congress's waiver of sovereign immunity in light of Brockamp and Irwin but stated that it would not construe a statute of limitations so that it resulted in a due process violation.  Id.  The Court concluded that Congress did not intend to condition its waiver of sovereign immunity on compliance with the statute of limitations if doing so would violate the procedural due process rights of the individuals levied against.  Id.  Finally, in response to the government's contention that the plaintiff had not been prejudiced because the IRS made a "legal misrepresentation," the Court also expressed concern about absence of notice to third-parties:

> This is especially so in wrongful-levy situations where the statute does not require that the original notice of levy be sent to individuals in Carter's position, and the IRS knows or should know that dates regarding the levy are in its possession and not in the possession of the claimants.

Id.

Initially, the Court finds that Fifth Third's complaint states a case for application of equitable tolling as to the Wittrock levy, presuming equitable tolling is available under §

6532.  In determining whether equitable tolling is appropriate, the court should consider the following factors: 1) whether the plaintiff had actual notice of the time restraint; (2) whether the plaintiff had constructive notice of the time restraint; (3) the degree of diligence the plaintiff exerted in pursuing his rights; (4) the degree of prejudice to the defendant; and (5) the reasonableness of the plaintiff's ignorance of the time constraint.  <u>Steiner v. Henderson</u>, 354 F.3d 432, 435 (6th Cir. 2003).  As alleged in the complaint, Fifth Third had no actual or constructive notice of the levy until after the statute of limitations had expired but proceeded diligently to protect its rights once it learned of the levy.  Thus, there is at least a prima facie showing that equitable tolling is appropriate.

       Fifth Third has also made a prima facie showing of a due process violation.  Fifth Third's perfected security interest in PJH's receivables is a property interest protected by the Fifth Amendment Due Process Clause.  <u>Verba v. Ohio Cas. Ins. Co.</u>, 851 F.2d 811, 815 (6th Cir. 1988)(lien a property interest protected by Due Process Clause); <u>Comer v. Calim</u>, 716 N.E.2d 245, 249 (Ohio Ct. App. 1998)(perfected security interest a lien under state law); Ohio Rev. Code §§ 1336.01(H) & (M)(defining "lien" and "valid lien", respectively).  Depriving Fifth Third of this property interest without notice would constitute a due process violation.  <u>See</u>, <u>e.g.</u>, <u>Supermail Cargo</u>, 68 F.3d at 1209

9

("[L]evying on the property of a third-party in order to satisfy a delinquent taxpayer's obligations-without notifying either the delinquent taxpayer or the third party of the levy-raises serious constitutional questions.")(citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)(when taking property the government must provide reasonable notice to interested parties and provide opportunity to present objections)).

Although the legal current appears to be flowing against Fifth Third based on the decisions from other jurisdictions, based on Carter, this Court concludes that under the facts alleged in this case, the Sixth Circuit Court of Appeals would hold that the complaint states a claim for application of equitable tolling.  Alternatively, the Sixth Circuit would conclude that the complaint states a claim for a due process violation.  In either event, however, the Sixth Circuit would conclude that this Court has subject matter jurisdiction over this claim at least until factual questions concerning equitable tolling and/or due process are definitively resolved.

Accordingly, the government's motion to dismiss Fifth Third's claim concerning the wrongful levy of the Wittrock receivables is not well-taken and is **DENIED**.

The statute of limitations is not an issue concerning the Union Savings Bank accounts.  Although the government

contends that no levy of the Union Savings Bank accounts ever occurred, at this point whether such occurred may reasonably be the subject of a factual dispute.  Fifth Third has indicated that it will voluntarily dismiss this claim if it determines that no levy of the accounts occurred.  Accordingly, the Court will not dismiss this claim at this time.  Whether a levy actually occurred, however, seems an issue on which the parties can easily and readily come to an agreement with relative dispatch.  They are encouraged to do so.

<u>Conclusion</u>

In summary, for the reasons stated, the government's motion to dismiss is not well-taken and is **DENIED**.  The Court recognizes, however, that as to the issue of equitable tolling, the weight of authority is contrary to its ruling and that the decision is based on an unreported decision of the Sixth Circuit.  The Court also recognizes that the complaint raises important questions concerning the government's entitlement to sovereign immunity which are potentially dispositive of the case.  Accordingly, subject to the parties' objections, the Court believes that it would be appropriate to certify this order for an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  The parties shall file their positions concerning the advisability of certifying an interlocutory appeal no later than January 15, 2007.


**IT IS SO ORDERED**


Date December 22, 2006              s/Sandra S. Beckwith
                            Sandra S. Beckwith, Chief Judge
                               United States District Court